```
                                    RECEIPT #_____
                                    AMOUNT $_____
                                    SUMMONS ISSUED___
                          FILED     LOCAL RULE 4.1___
                     IN CLERKS OFFICE WAIVER FORM___
UNITED STATES DISTRICT COURT        MCF ISSUED_____
DISTRICT OF MASSACHUSETTS  2005 JAN 25 P 1:19 BY DPTY. CLK.___
                                    DATE   1-25-0
                                    U.S. DISTRICT COURT
                                    DISTRICT OF MASS.
```

------------------------------x
CHAPPELL & CO., INC., IRA GERSHWIN          Civil Action
MUSIC, GEORGE GERSHWIN MUSIC AND    :       No.
WARNER BROS., INC.,

                    Plaintiffs,             **05cv 10143NG**
                                    :

    -against-
                                    :       COMPLAINT

COSTELLO'S TAVERN, INC.,
                                    :
                    Defendant.              MAGISTRATE JUDGE _____
                                    :
------------------------------x


    Plaintiffs, complaining of the Defendant, by HOLLAND & KNIGHT, LLP their attorneys, allege:

    1. This is a suit for copyright infringement under Title 17, U.S.C. Jurisdiction of this Court is based upon Title 28, U.S.C., Section 1338(a).

    2. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendant's public performances of copyrighted musical compositions. SCHEDULE A annexed to the Complaint sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendant's acts of infringement.

3. Plaintiffs named in Column 2 (all references to columns are to columns in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4. Defendant Costello's Tavern, Inc. is a Massachusetts corporation which did at the times hereinafter mentioned and still does own, control, manage, operate and maintain a place of business for public entertainment, accommodation, amusement and refreshment known as Costello's, located at 723 Centre Street, in Jamaica Plain, in the Commonwealth of Massachusetts.

5. Musical compositions were and are publicly performed at said place of business.

6. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

7. Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17, U.S.C.

8. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in

all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

9. All of the compositions are now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued a Certificates of Registration of the respective claims to the renewal of copyrights in the names of those claimants listed in Column 7. The dates and identification numbers of such certificates are set forth in Column 8.

10. Defendant on the date specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions on Defendant's premises, for the entertainment and amusement of the patrons attending said premises, and Defendant threatens to continue such infringing performances.

11. The performances of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 on

Defendant's premises were unauthorized: neither Defendant, nor any of the Defendant's agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff or any agent, servant or employee of any Plaintiff to give such performances.

12. In undertaking the conduct complained of in this action, Defendant knowingly and intentionally violated Plaintiffs' rights. Defendant's knowledge and intent are established by the following facts:

(a) Defendant has not sought or obtained a license agreement from Plaintiffs or the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all Plaintiffs are members.

(b) Despite numerous letters and other contacts by ASCAP representatives informing the Defendant of its liability under the United States Copyright Law, Defendant has continued to perform copyrighted music without permission during the hours that Defendant's establishment is open to the public for business and presenting musical entertainment.

(c) The many unauthorized performances at Costello's include the performances of the three copyrighted musical compositions upon which this action is based.

13. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

14. The said wrongful acts of the Defendant have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendant from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendant and all persons acting under the direction, control, permission or authority of Defendant be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in Defendant's said premises, or in any place owned, controlled or conducted by Defendant, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendant be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17

U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

    III.  That Defendant be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

    IV.  For such other and further relief as may be just and equitable.

By their attorneys,

Holland & Knight, LLP

By: _____
Stephen S. Young (BBO #538040)
10 St. James Avenue
Boston, MA   02116
(617) 523-2700

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Renewal | Renewal Certificate Date and Number | Date of Known Infringement |
| 1. | CHAPPELL & CO., INC. | HAVE YOU MET MISS JONES? | RICHARD RODGERS LORENZ HART | 9/30/37 | EP 64502 | RICHARD RODGERS, AS "AUTHOR OF MUSIC AND CO-EXECUTOR OF AUTHOR OF WORDS, LORENZ HART', DECEASED"; WILLIAM H. KRON, AS "CO-EXECUTOR OF THE AUTHOR OF WORDS, LORENZ HART', DECEASED". | 9/30/64 R 346199 | 8/15/04 |
| 2. | IRA GERSHWIN MUSIC, GEORGE GERSHWIN MUSIC | A FOGGY DAY | IRA GERSHWIN GEORGE GERSHWIN | 9/16/37 | EP 64232 | IRA GERSHWIN, AS "THE AUTHOR OF WORDS"; GERSHWIN PUBLISHING CORPORATION, AS "PROPRIETOR OF COPYRIGHT IN A POSTHUMOUS WORK (GEORGE GERSHWIN)". | 9/16/64 R 345549 | 8/15/04 |
| 3. | WARNER BROS., INC. | SOFTLY, AS IN A MORNING SUNRISE | OSCAR HAMMERSTEIN SIGMUND ROMBERG | 9/12/28 | EP 698501 | LILLIAN H. ROMBERG, AS "WIDOW OF THE COMPOSER', SIGMUND ROMBERG". | 9/12/55 R 155683 | 8/15/04 |

SCHEDULE "A"

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

05cv 10143 NG

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Chappell & Co., Inc. et al.

**DEFENDANTS**

Costello's Tavern, Inc.

FILED IN CLERKS OFFICE
2005 JAN 25 P 2:51
U.S. DISTRICT COURT
DISTRICT OF MASS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Stephen S. Young (BBO #536040)
Holland & Knight LLP, 10 St. James Avenue,
Boston, MA 02116    (617) 523-2700

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☒☒ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability |  ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  |  |  |
|  |  ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  |  ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

TITLE 17 U.S.C. CIVIL COPYRIGHT INFRINGEMENT

**VII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A CLASS ACTION   ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE  1/25/05

SIGNATURE OF ATTORNEY OF RECORD
Stephen S. Young

FOR OFFICE USE ONLY

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05cv 10143NG

FILED
IN CLERKS OFFICE
2005 JAN 25 P 1:20
U.S. DISTRICT COURT
DISTRICT OF MASS.

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)   Chappell & Co., Inc. v. Costello's Tavern, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   820 II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   n/a

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                 YES      NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                                 YES      NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                 YES      NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                                 YES      NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                                 YES      NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION         CENTRAL DIVISION         WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION         CENTRAL DIVISION         WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Stephen S. Young
ADDRESS   Holland & Knight LLP, 10 St. James Avenue, Boston, MA 02116
TELEPHONE NO.   (617) 523-2700

(Cover sheet local.wpd - 11/27/00)