TIMOTHY FLAHERTY, ESQ. (BBO No. 557477)
FLAHERTY & FLAHERTY
43 Bowdoin St.
Boston, Massachusetts 02114
Telephone: (617) 227-2186
Facsimile: (617) 227-7777

THOMAS J. GRIFFIN, ESQ. (California Bar No. 141694)
NELSON ◊ GRIFFIN
633 West Fifth Street, Suite 800
Los Angeles, California 90071
Telephone: (213) 833-0155
Facsimile: (213) 833-0160

Attorneys for Defendant
COSTELLO'S TAVERN

UNITED STATES DISTRICT COURT--

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHAPPELL & CO, Inc., IRA GERSHWIN MUSIC, GEORGE GERSHWIN MUSIC and WARNER BROS., INC.<br><br>Plaintiffs,<br><br>v.<br><br>COSTELLO'S TAVERN, INC.,<br><br>Defendant. | Case No. ED CV 05-10143 (NG)<br><br>ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL |

**COMES NOW** defendant COSTELLO'S TAVERN, INC., and on behalf of itself and no other defendant, in answer to the Complaint of plaintiffs CHAPPELL & CO, INC., IRA GERSHWIN MUSIC, GEORGE GERSHWIN MUSIC and WARNER BROS., INC., who alleges as follows:

1. Defendant admits that Plaintiffs' Complaint is based upon allegations of copyright infringement. Defendant further admits that this Court has jurisdiction over the matter.

2. Defendant is without sufficient information or belief and on that basis denies

the allegations of paragraph 2 of the Complaint.

///

3. Defendant is without sufficient information or belief and on that basis denies the allegations of paragraph 3 of the Complaint.

4. Defendant COSTELLO'S TAVERN, INC. admits that it is a corporation organized and existing under the laws of the State of Massachusetts and doing business in said State. Defendant further admits that it has a principal place of business located at 723 Centre St., Jamaica Plain in the Commonwealth of Massachusetts. Except as herein alleged, defendant denies the allegations of paragraph 4 of the Complaint.

5. Defendant is without sufficient information or belief and on that basis denies the allegations of paragraph 5 of the Complaint.

6. Defendant is without sufficient information or belief and on that basis denies the allegations of paragraph 6 of the Complaint.

7. Defendant is without sufficient information or belief and on that basis denies the allegations of paragraph 7 of the Complaint.

8. Defendant is without sufficient information or belief and on that basis denies the allegations of paragraph 8 of the Complaint.

9. Defendant is without sufficient information or belief and on that basis denies the allegations of paragraph 9 of the Complaint.

10. Defendant is without sufficient information or belief and on that basis denies the allegations of paragraph 10 of the Complaint.

11. Defendant is without sufficient information or belief and on that basis denies the allegations of paragraph 11 of the Complaint.

12. Defendant is without sufficient information or belief and on that basis denies the allegations of paragraph 12 of the Complaint.

13. Defendant is without sufficient information or belief and on that basis is without sufficient information or belief and on that basis denies the allegations of paragraph 13 of the Complaint.

14. Defendant is without sufficient information or belief and on that basis denies the allegations of paragraph 14 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

15. Said Defendant alleges that venue is improper for this action in this Court and this action should therefore be transferred to the appropriate court where this action should have been brought in the first instance.

### SECOND AFFIRMATIVE DEFENSE

16. Said Defendant alleges that the Complaint fails to state any claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

17. Said Defendant alleges that Plaintiffs, some of them or all of them, are not the real parties in interest.

### FOURTH AFFIRMATIVE DEFENSE

18. Said Defendant alleges that Plaintiffs have failed to state a claim for special damages upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

19. Said Defendant alleges that Plaintiffs have failed to join necessary and indispensable parties to this action.

### SIXTH AFFIRMATIVE DEFENSE

20. Said Defendant alleges that the alleged copyright infringement and damages alleged by Plaintiffs were proximately caused by the tortious conduct of others which said conduct bars recovery against said Defendant or reduces recovery in proportion to such others' tortious conduct.

### SEVENTH AFFIRMATIVE DEFENSE

21. Said Defendant alleges that the alleged copyright infringement and damages alleged by Plaintiffs were proximately caused by the intervening and superseding conduct of others than said defendant which bars recovery herein.

///

### EIGHTH AFFIRMATIVE DEFENSE

22. Said Defendant alleges that the alleged copyright infringement and damages alleged by Plaintiffs were proximately caused by the willful, wanton and reckless conduct of others than said Defendant, which bars recovery herein.

### NINTH AFFIRMATIVE DEFENSE

23. Said Defendant alleges that the Complaint includes allegations of conduct by said Defendant which constitutes a discretionary function by said Defendant upon which said Defendant may not be held liable.

### TENTH AFFIRMATIVE DEFENSE

24. Said Defendant alleges that the Plaintiffs, some of them or all of them, have failed to mitigate their damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

25. Said Defendant alleges that the Plaintiffs have failed to file this action in a timely manner, within the required statute of limitations for such actions.

### TWELFTH AFFIRMATIVE DEFENSE

26. Said Defendant alleges that the Plaintiffs were contributorily negligent in causing the alleged copyright infringement and damages alleged by Plaintiffs, and said contributory negligence bars recovery herein.

### THIRTEENTH AFFIRMATIVE DEFENSE

27. Said Defendant alleges that they have a complete defense to all causes of action alleged by Plaintiff pursuant to the express provisions of 17 U.S.C. §§107-188; 505 et seq. and other provisions of the Copyright Act.

### FOURTEENTH AFFIRMATIVE DEFENSE

28. Said Defendant alleges Plaintiffs lack standing because they are not the legal or beneficial owners of the compositions referenced in Plaintiffs' Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

29. Said Defendant alleges Plaintiffs lack standing because they are not the legal or beneficial holders of any copyrights in any of the compositions referenced in Plaintiffs'

Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

30. Said Defendant alleges a complete defense to Plaintiffs' Complaint based upon the "fair use doctrine."

### SEVENTEENTH AFFIRMATIVE DEFENSE

31. Said Defendant alleges a complete defense to Plaintiffs' Complaint based upon the fact that there are no valid copyrights on any of the compositions referenced in Plaintiffs' Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

32. Said Defendant alleges a complete defense to Plaintiffs' Complaint based upon the fact that the compositions referenced in Plaintiffs' Complaint belong to the public domain.

### NINETEENTH AFFIRMATIVE DEFENSE

33. Said Defendant alleges a complete defense to Plaintiffs' Complaint based upon the fact that the Plaintiffs' alleged damages, if any, are *de minimis*.

### PRAYER

**WHEREFORE**, this answering Defendant prays that Plaintiffs take nothing by way of their Complaint and that Defendant goes hence with Defendant's costs of suit incurred, including attorneys' fees.

DATED: March 14, 2005

FLAHERTY & FLAHERTY

By: _____ BBO No. 557477
TIMOTHY FLAHERTY
Attorneys for Defendant COSTELLO'S TAVERN, INC.