TIMOTHY FLAHERTY, ESQ. (BBO No. 557477)
FLAHERTY & FLAHERTY
43 Bowdoin St.
Boston, Massachusetts 02114
Telephone: (612) 227-2186
Facsimile: (617) 227-7777

THOMAS J. GRIFFIN, ESQ. (California Bar No. 141694)
NELSON ◇ GRIFFIN
555 West Fifth Street, Suite 320
Los Angeles, California 90013
Telephone: (213) 833-0155
Facsimile: (213) 833-0160

Attorneys for Defendant
COSTELLO'S TAVERN

## UNITED STATES DISTRICT COURT

### DISTRICT OF MASSACHUSETTS - EASTERN SECTION

| | |
|---|---|
| CHAPPELL & CO., INC., ET AL. | C.A. No. 1:05-CV-10143-NG |
| Plaintiff, | |
| v. | **DECLARATION OF THOMAS J. GRIFFIN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| COSTELLO'S TAVERN, INC. | |
| Defendant. | |

I, Thomas J. Griffin, hereby declare as follows:

1.       I am an attorney duly licensed to practice law before all of the courts in the State of California and local Federal courts.  On March 31, 2005 my Pro Hoc Vice motion in this court was granted.  I am a partner in the law offices of Nelson ◇ Griffin, attorneys of record for defendant COSTELLO's TAVERN (hereinafter "Costello's").  I am the primary attorney assigned to the handling of this file and if called upon as a witness, I could and would competently testify to the following:

2.       Attached hereto as Exhibit "A" is a true an correct copy of ASCAP counsel Steven Young's correspondence of April 26, 2005, detailing ASCAP's unwillingness and/or inability to provide any reasonable information concerning their copyrighted materials that

1

C:\staging\4384EB3B-6812-0818B0\in\4384EB3B-6812-0818B0.wpd

1  would allow the defendant to avoid the alleged infringement without obtaining a "blanket

2  license"

3      3.    Attached hereto as Exhibit "B" is a true and correct copy of my

4  correspondence to opposing counsel Steven Young dated June 24, 2005, addressing the

5  merits of plaintiff's complaint and a good faith attempt to resolve it.

6      4.    Attached hereto as Exhibit "C" is opposing counsel Steven Young's

7  correspondence of July 14, 2005, wherein ASCAP refuses to produce any other investigative

8  reports prepared by their witness Steven Furtado.

9      5.    Attached hereto as Exhibit "D" is correspondence dated May 13, 2005, from

10  BMI concerning their licensing requirements.

11     6.    Attached hereto as Exhibit "E" is a true and correct copy of BMI's proposed

12  music license.  Specifically, item number 7 under fee calculation deals with defendant

13  Costello's compliance with ASCAP's JLO (jukebox license office) licensing requirements.

14         The defendant Costello's compliance with plaintiff's JLO (jukebox license

15  office) requirements is relevant as to ASCAP's underhanded tactics and discovery abuses.

16  The three performing right organizations (i.e., ASCAP, BMI and SESAC), established a joint

17  organization called the Jukebox License Office ("JLO") in cooperation with the Amusement

18  and Music Operators Association, the largest trade organization representing jukebox

19  operators.  The JLO offers a license agreement to operators of "coin-operated phonorecord

20  players" (jukeboxes), which can be either the owner of the establishment which has the

21  jukebox or the operator that distributes and maintains the jukeboxes on behalf of

22  establishment owners.  These JLO agreements convey the performing right to the repertoires

23  of all three performing right organizations for one modest annual fee.

24     The inference being made here is that BMI, presumptively via their computer

25  database, was well aware prior to 2005 that Costello's had a valid JLO certificate number

26  4077.  While this information was obviously equally available to ASCAP at all pertinent

27  times, its investigator investigated this issue and checked off the boxes on his form that their

28  jukebox was not licensed.  To add insult to injury and then further misrepresent their true

*Nelson ◇ Griffin*
TRIAL ATTORNEYS

2

1    intentions, ASCAP issued document requests and deposed Costello's owner on the issue.

2        I declare under penalty of perjury under the laws of the State of California that the

3    foregoing is true and correct.

4        Executed this 23th day of November, 2005, at Los Angeles, California.

5

6                                          /s/  THOMAS J. GRIFFIN
                                           THOMAS J. GRIFFIN
7                                          Declarant

8

9

                              **CERTIFICATE OF SERVICE**
10

11        I, Myrna Morales, hereby certify that on this 23rd day of November, 2005, I served the
     following document:  **DECLARATION OF THOMAS J. GRIFFIN IN SUPPORT OF
12   DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL
     SUMMARY JUDGMENT** pursuant to Fed.R.Civ.P. 26(a)(1) and Local Rule 26.2(A) on
13   the plaintiffs' counsel by mailing a copy thereof addressed to:  Stephen S. Young, Esq.,
     Holland & Knight, LLP, 10 St. James Avenue , Boston, MA  02116.
14

15

16                                         /s/ MYRNA MORALES
                                           MYRNA MORALES
17

18

19

20

21

22

23

24

25

26

27

28

*Nelson ◇ Griffin*
TRIAL ATTORNEYS

C:\staging\4384EB3B-6812-0818B0\in\4384EB3B-6812-0818B0.wpd        **DECLARATION OF THOMAS J. GRIFFIN**

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.