TIMOTHY FLAHERTY, ESQ. (BBO No. 557477)
FLAHERTY & FLAHERTY
43 Bowdoin St.
Boston, Massachusetts 02114
Telephone: (612) 227-2186
Facsimile: (617) 227-7777

THOMAS J. GRIFFIN, ESQ. (California Bar No. 141694)
NELSON ◇ GRIFFIN
555 West Fifth Street, Suite 320
Los Angeles, California 90013
Telephone: (213) 833-0155
Facsimile: (213) 833-0160

Attorneys for Defendant
COSTELLO'S TAVERN

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS - EASTERN SECTION

| | |
|---|---|
| CHAPPELL & CO., INC., ET AL. ) <br><br>Plaintiff, ) <br><br>v. ) <br><br>COSTELLO'S TAVERN, INC. ) <br><br>Defendant. ) | C.A. No. 1:05-CV-10143-NG <br><br>**DECLARATION MATTHEW T. GRIFFIN IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

I, Matthew J. Griffin, hereby declare as follows:

1.  I am an the owner of COSTELLO'S TAVERN, INC. ("Costello's"). I make this affidavit in support defendant's opposition to plaintiff's motion for partial summary judgment. I am competent to testify as to the matters stated herein. All of the information contained in this affidavit is based upon my personal knowledge or is derived from records maintained under my direct supervision, custody, or control.

### BACKGROUND

2.  Costello's Tavern was first established in 1935 by my grandfather Thomas Griffin shortly after he immigrated to the United States from Ireland. Upon his passing in the

1

early 1960's, ownership was assumed by my father Gerald Griffin. Upon his death in 1978, my mother Mary assumed ownership of the bar. Approximately 15-20 years ago the responsibility/ownership fell to me. For the entirety of my 49 some odd years on this planet, I've been involved way in some way, shape or form in every aspect of owning/running this local tavern. By the time my brother, sister, and I were old enough to hold a broom, we did so to the best of our ability and contributed to the running of this third generation family owned tavern.

   3. Contrary to the representations contained in the moving papers and supporting declarations, particularly that of Douglas Jones, Litigation Administrator for General Licensing of ASCAP, I've never had a personal conversation with anyone who represented themselves to be a member of that organization. All my bartending staff are part-time and somewhat transient in tenure. At no time has any employee of mine ever told me of or transferred a communication of any nature from anyone purporting to be a member of ASCAP. No one other then myself is authorized to conduct any business or make any representations on behalf of Costello's. Never at any period in time has any ASCAP representative ever made their presence known to me and/or knowingly had a personal consultation with me.

   4. I have reviewed ASCAP's investigative report prepared by Steve Furtado which is attached as Exhibit "D" to the moving papers. Paragraph three of the "supplemental report" dated August 26, 2004 makes a factual assertion that Costello's had music three nights a week with DJ's on Friday and Saturday nights. This is simply not true. The only scheduled, and I use that term loosely, entertainment in 2004 was the jazz jam on Sunday nights. The assertion that Mr. Furtado obtained this information by a way of a phone call to Costello's before his investigation is simply incredible. Aside from the fact that he does not provide the phone number or the identity of whom he allegedly talked to, it is a bold faced lie. None of my employees would have any reason to make such an assertion and this was apparently just made up by Mr. Furtado's boss Mary Ellen Chisolm when she requested a supplemental report.

**DECLARATION OF MATTHEW T. GRIFFIN**

5.  Attached hereto is a letter dated May 11, 2004 purportedly authored by an ASCAP agent, Dean Demeritt, Director of Licensing-SE Region. I never saw that letter until approximately May or June of 2005 when a copy was provided to my by my attorney. The letter contains numerous inaccuracies and/or contradicts the claims made be investigator Furtado. They are:

    a.  The second paragraph contends that there were "visits" by ASCAP to Costello's wherein I was purportedly personally "repeatedly advised" by ASCAP's agents of the alleged copyright infringements and licensing issues. That is simply untrue. Again, no one from ASCAP has ever spoken to me prior to this litigation by phone or in person. I have never been advised of any alleged specific copyright infringements other than this lawsuit.

    b.  "CD's seven night's per week" is another bold faced lie. I have never had "CD's" on any night as there is no CD player, nor has there ever been one.

    c.  Under the header "May 4, 2004 to the present, "ASCAP indicates that there was a band one night per week (Sunday). That is accurate. However, it directly contradicts the investigator Furtado that there was a D.J. on Friday's and Saturday's.

6.  I am currently being pursued for music licensing fees by three Performing Rights Organizations (PRO), ASCAP, BMI, and SESAC. While all three offer "blanket licenses" that authorizes one to play "all of the music in our vast repertory" none, ASCAP being the worst offender, will or can tell you what constitutes their membership or which particular songs at which particular time in history are part of their particular repertoire. All readily concede that getting their license does not even protect you from getting sued by the other. The only representation any of the representatives will make is that if you buy their license that they would not send a spy into your establishment to concoct allegations of copyright infringement and then sue you into submission as ASCAP is attempting to do here. (Attached as Exhibit "B" is a true an correct copy of SESAC's correspondence of May 16, 2005; Attached as Exhibit "C" is a true and correct copy of BMI's correspondence of May 16, 2005).

7.  In early November 2005 I contacted ASCAP's regional office

and requested an application for what is described by them as a "Occasional Use License." The request was refused. The reason given was that my establishment was in litigation with ASCAP.

  I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of November, 2005 in Boston Massachusetts.

                /s/ MATTHEW T. GRIFFIN
                MATTHEW T. GRIFFIN, Declarant

### CERTIFICATE OF SERVICE

  I, Myrna Morales, hereby certify that on this 23rd day of November, 2005, I served the following document: **DECLARATION MATTHEW T. GRIFFIN IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** pursuant to Fed.R.Civ.P. 26(a)(1) and Local Rule 26.2(A) on the plaintiffs' counsel by mailing a copy thereof addressed to: Stephen S. Young, Esq., Holland & Knight, LLP, 10 St. James Avenue , Boston, MA 02116.

                /s/ MYRNA MORALES
                MYRNA MORALES

**DECLARATION OF MATTHEW T. GRIFFIN**