TIMOTHY FLAHERTY, ESQ. (BBO No. 557477)
FLAHERTY & FLAHERTY
43 Bowdoin St.
Boston, Massachusetts 02114
Telephone: (612) 227-2186
Facsimile: (617) 227-7777

THOMAS J. GRIFFIN, ESQ. (California Bar No. 141694)
NELSON ◇ GRIFFIN
555 West Fifth Street, Suite 320
Los Angeles, California 90013
Telephone: (213) 833-0155
Facsimile: (213) 833-0160

Attorneys for Defendant
COSTELLO'S TAVERN

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS - EASTERN SECTION

| | |
|---|---|
| CHAPPELL & CO., INC., ET AL. ) | C.A. No. 1:05-CV-10143-NG |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANT'S SUPPLEMENTAL** |
| v. ) | **BRIEF IN OPPOSITION TO** |
| ) | **PLAINTIFF'S MOTION FOR** |
| COSTELLO'S TAVERN, INC. ) | **PARTIAL SUMMARY JUDGMENT** |
| ) | |
| Defendant. ) | |

**I**.

**PLAINTIFF'S INVESTIGATION SHOULD BE EXCLUDED**

**IN ITS ENTIRETY**

Not only is ASCAP's investigator incompetent and the investigation corrupt, it is a criminal act as well.

ASCAP needs to be a licensed private detective corporation in Massachusetts to legally conduct investigations of this nature within the Commonwealth unless they hire licensed investigators as contractors. ASCAP's "investigator" was purportedly an "independent contractor". This would mean that Steven Furtado must be personally licensed as a private detective in Massachusetts (which he is not) or be a full time payrolled employee

of a licensed private detective corporation (which he is not).

Massachusetts' General Laws, Chapter 147, Section 22 governs the Private Detective Business and those subject to its licensing requirements:

> "Private Detective" or "Private Investigator", a person engaged in business as a private detective or private investigator, including any person who, for hire, fee, reward or other consideration, (1) uses a lie detector for the purpose of a obtaining information with reference to the conduct, integrity, efficiency, loyalty or activities of any person or (2) <u>engages in the business of making investigations for the purpose of obtaining information with reference to any of the following matters, whether or not other functions or services are also performed for hire, fee, reward or other consideration, or other persons are employed to assist in making such investigations:--</u> . . .
>
> (d) evidence to be used before any investigative committee, board of award, or board of arbitration, or <u>in the trial of civil or criminal cases</u>. M.G.L., Chapter 147, Section 22 (Emphasis added)

The penalties for violation of any provision of this section is a fine of not less than two hundred nor more than one thousand dollars, or by imprisonment for not more than one year, or by both such fine and imprisonment.

Even if ASCAP claims that the investigator is covered under one of the exclusions listed under M.G.L. Chapter 147 Section 22, he would still need to be an employee of ASCAP (which he is not). He is an illegal freelance investigator.

///
///
///
///

## II.

## THE JONES' DECLARATION/EXHIBITS ARE IRRELEVANT AND SUBMITTED WITH NO OTHER PURPOSE BUT TO INFLAME THE COURT AND HARASS THE DEFENDANT

The Declaration of Douglas Jones does not come close to fitting within the definition of "relevant evidence" under Federal Rules of Evidence 401. The Motion for Partial Summary Judgment is on liability only. The Declaration and Exhibits are only remotely related to damages. Mr. Jones conclusionary determination that Defendant's conduct was "willful" is irrelevant and not his to make. It would be a stretch to have Jones' testimony admitted on the damages question, let alone here. It is also challenged under Federal Rules of Evidence 403 on the grounds that even if it was determined to be relevant, it is unduly prejudicial, confusing, and/or a waste of time. The Declaration and Exhibits are further objected to on the grounds of lack of personal knowledge. Federal Rules of Evidence 602

Mr. Jones' Declaration and supporting Exhibits are hearsay and inadmissible under Federal Rule of Evidence 801. Plaintiffs have not met their burden of showing that a Federal Rule of Evidence 803(6) exception applies.

## III.

## CONCLUSION

Plaintiffs Motion for Partial Summary Judgment on liability is patently frivolous. ASCAP and their investigator's credibility and actions are fatally tarnished, and subject to criminal prosecution. ASCAP's criminal conduct should not be rewarded in this civil case. They do not get to create the law and they most certainly are not above it.

DATED: December 7, 2005          NELSON ◇ GRIFFIN

By: /s/ THOMAS J. GRIFFIN
THOMAS J. GRIFFIN,
Attorneys for Defendant
COSTELLO'S TAVERN, INC.

**CERTIFICATE OF SERVICE**

    I, Ethel Brown, hereby certify that on this 7th day of December, 2005, I served the following document: **DEFENDANT'S SUPPLEMENTAL BRIEF AND OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** pursuant to Fed.R.Civ.P. 26(a)(1) and Local Rule 26.2(A) on the plaintiffs' counsel by mailing a copy thereof addressed to: Stephen S. Young, Esq., Holland & Knight, LLP, 10 St. James Avenue, Boston, MA  02116.

                                                      /s/ ETHEL BROWN
                                                      ETHEL BROWN