UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

C. A. No. 1:05-CV-10143-NG

CHAPPELL & CO., INC., ET AL.,
　　　　　　　　Plaintiffs,

v.

COSTELLO'S TAVERN, INC.,
　　　　　　　　Defendant.

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

　　　　Plaintiffs, Chappell & Co., Inc., et al., submit this reply to Defendant's Response to Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation that plaintiffs' motion for partial summary judgment be denied (cited herein as "Def's. Response at ___").

　　　　Defendant makes no attempt in its Response to rebut plaintiffs' objections to the Magistrate Judge's Report and Recommendation. Rather, defendant attempts to shift the focus from its own infringing conduct to purported misconduct by plaintiffs' performing rights licensing organization, ASCAP. Defendant argues that ASCAP acted improperly in arranging for the filing of the complaint without first notifying the defendant of the evidence of infringement, and repeats its baseless characterization of ASCAP investigations as being of a "criminal nature." Def's. Response at 3. Plaintiffs fully addressed the "illegality" argument in its Reply Brief in Further Support of its Motion for Partial Summary Judgment. See Reply Brief, pp. 5-6. Moreover, whatever may have happened <u>after</u> the infringing performances has no bearing on the issue of whether those performances occurred as alleged – particularly in light of defendant's repeated rejection of an ASCAP license -- or the credibility of the investigator who heard them performed, which was the basis for the Magistrate Judge's decision.

In addition to the obvious irrelevance of the arguments defendant makes in its Response, defendant's arguments are based on a misreading of the one case upon which it relies, Judge Jones's decision in *ASCAP v. Pataki*, 930 F. Supp. 873 (1996). To begin with, Judge Jones acknowledged in *ASCAP v. Pataki* that the procedures ASCAP and its principal competitor performing rights organization, Broadcast Music, Inc. ("BMI"), employ are vitally important in protecting the rights of creators and copyright owners of music. See *ASCAP v. Pataki*, 930 F. Supp. at 835-836 (citing at length the licensing and investigative procedures employed by both performing rights organizations). Judge Jones went on to address the central issue in the case -- whether New York's then recently enacted statute purporting to regulate the licensing activities of performing rights licensing organizations violated the Supremacy Clause of the U.S. Constitution.[1] That issue arose because the New York statute would have required notification of prospective defendants in federal copyright infringement actions of their infringing conduct within 72 hours of conducting the investigation described by Judge Jones. She concluded that the 72-hour notice provision would have impeded copyright enforcement efforts sanctioned by the federal copyright statute insofar as it would have made it nearly impossible for ASCAP and BMI to determine quickly enough whether infringements had occurred to meet the 72-hour deadline for notifying the prospective defendant: "The 72-hour notice requirement burdens enforcement and thus threatens to marginalize copyright itself because copyright is not self-enforcing." *Id.* at 878. Judge Jones also concluded that the 72-hour notice provision effectively contravened the three-year statute of limitations placed on copyright infringements by the Congress. 17 U.S.C. § 507.[2]

---

[1] The New York statute was one of approximately two dozen state statutes enacted in the mid-1990's as part of an unsuccessful national effort by some music users to attempt to impede or prevent ASCAP and BMI from conducting their licensing and enforcement activities, much as other states had attempted in the 1930's. *See* Simon H. Rifkind, *Music Copyrights and Antitrust: A Turbulent Courtship*, 4 CARDOZO ARTS & ENT. L. J. at 11-12.

[2] Defendant accurately quotes a portion of the *Pataki* decision in which the court provided the rationale for a statute of limitations (Def's. Response at 2), but misperceives the purpose for which the court did so—i.e., to highlight Congress's determination that

Nothing in *ASCAP v. Pataki* supports defendant's argument that ASCAP acted improperly in arranging for the filing of this lawsuit five and one-half months after the infringing acts occurred at Costello's Tavern -- well within the three-year statute of limitations; and nothing in the decision suggests that the investigation conducted at Costello's Tavern on the night of August 15, 2004 was either unlawful, in any way improper, or in any way casts doubt on the ASCAP investigator's credibility. Unable to rebut the facts and law that support plaintiffs' Objections to the Magistrate Judge's Report and Recommendation, defendant resorts to an irrelevant response premised on a misreading of a single case. For these reasons as well as the reasons set forth in plaintiffs' Objections, plaintiffs respectfully urge this Court to reject the Magistrate Judge's Recommendation and to enter summary judgment for the plaintiffs on liability on the ground that there is no genuine issue of material fact as to defendant's liability.

PLAINTIFFS, CHAPPELL & CO., INC., ET AL.

By their attorneys,
HOLLAND & KNIGHT LLP

By:  /s/ *Stephen S. Young*
Stephen S. Young (BBO #538040)
10 St. James Avenue
Boston, MA 02116
(617) 573-5833
stephen.young@hklaw.com

CERTIFICATE OF SERVICE

I, Stephen S. Young, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 27, 2006.

/s/ *Stephen S. Young*
Stephen S. Young

# 3679135_v1

---

three years -- not 72 hours as in the case of the New York statute -- "is the appropriate amount of time required to ensure fairness to alleged infringers." *ASCAP v. Pataki*, 930 F. Supp. at 879.